United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 23, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 06-60939
Summary Calendar

———————————

BOBBY TYRONE SIAGIAN,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A95 629 774
--------------------

Before JONES, Chief Judge, and JOLLY and OWEN, Circuit Judges.

PER CURIAM:[*]

Bobby Tyrone Siagian petitions this court for review of the decision of the Board of Immigration Appeals (BIA) denying him asylum and withholding of removal.

We do not have jurisdiction to review the discretionary determination of the IJ and the BIA that Siagian's asylum application was untimely. See 8 U.S.C. § 1158(a)(3). The petition for review is thus dismissed as to the claims concerning asylum.

We will uphold the conclusion that an alien is not eligible for withholding of removal if that conclusion is supported

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

by substantial evidence. <u>Chun v. INS</u>, 40 F.3d 76, 78 (5th Cir. 1994). The substantial evidence standard requires that the decision be based on the record evidence and that the decision be substantially reasonable. <u>Carbajal-Gonzalez v. INS</u>, 78 F.3d 194, 197 (5th Cir. 1996). Under this standard, we will affirm the decision unless the "evidence compels a contrary conclusion." <u>Id.</u>

The BIA agreed with the IJ's conclusion that a sole attack by school classmates, when Siagian was in sixth grade, failed to establish past persecution. This decision is supported by substantial evidence. <u>See, e.g.</u>, <u>Abdel-Masieh v. INS</u>, 73 F.3d 579, 584 (5th Cir. 1994); <u>Fleurinor v. INS</u>, 585 F.2d 129, 133-34 (5th Cir. 1978). Substantial evidence also supports the conclusion that Siagian has not shown that he will be singled out for persecution if he returns to Indonesia. <u>See</u> 8 C.F.R. § 208.16(b)(1),(2); <u>Zhao v. Gonzales</u>, 404 F.3d 295, 307 (5th Cir. 2005).

PETITION DISMISSED IN PART AND DENIED IN PART.